■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE VALDEZ, Respondent. [695 NYS2d 542] —Order, Supreme Court, New York County (Bruce Allen, J.), entered on or about September 30, 1997, granting defendant's motion to set aside the guilty verdict and ordering a new trial on the ground that the defendant had been incompetent when tried in absentia, unanimously reversed, on the law, the motion denied, the verdict reinstated and the matter remanded for sentencing.

Defendant was charged, with another person, with criminal sale and possession of a controlled substance in the third degree. On February 28, 1995, defendant appeared for jury selection but, in the absence of available jurors, trial was adjourned until the following day, March 1. The trial court (Renee White, J.) provided *Parker* warnings to defendant, warning him that, if he did not appear, trial would proceed in his absence and he would be charged with the additional offense of bail jumping. Defendant acknowledged that he understood the consequences were he to fail to appear at trial. On March 1, defendant failed to appear and a bench warrant was issued at approximately 4:00 P.M. When defendant had still not appeared on March 2, a *Parker* hearing was conducted, in which the court concluded that defendant had knowingly and voluntarily waived his right to be present at trial. Defendant was tried in absentia before a different Justice (Bruce Allen, J.) and was found guilty, as charged, by verdict returned on March 7, 1995.

Defendant, having been returned on the warrant, appeared for sentencing on October 13, 1995 (Allen, J.). Defendant requested new counsel, stating his belief that counsel had not aided him and, in fact, had worked against him. The matter was adjourned for assignment of new counsel and for a probation interview, in which defendant subsequently refused to participate. In December 1995, new counsel moved to set aside

the verdict pursuant to CPL 330.30 (1), arguing that his responses to the *Parker* warnings had not evinced a knowing, voluntary or intelligent waiver of his right to be present at trial. The motion was denied. On March 6, 1996, defendant renewed the motion on the basis of purported new evidence, the affidavit of a clinical psychologist who had previously treated the defendant for schizophrenia. The psychologist indicated that on March 1, 1995, defendant had appeared in his office appearing to be anxious, agitated and depressed. The psychologist, not aware that defendant was scheduled for trial that day, referred defendant to a medical center where he had been previously treated for psychiatric problems; defendant did not follow up on the referral. The court denied the renewal motion, finding this evidence insufficient to overcome the presumption of normalcy or to raise a substantial question regarding defendant's capacity at that time to waive his presence at trial. Rather, the court concluded that the evidence indicated that defendant had exhibited awareness and rationality. On March 13, 1997, when he was represented yet again by a new attorney, defendant made several motions, including a *Clayton* motion for dismissal in the interest of justice, a motion for a nunc pro tunc competency hearing, and a motion to set aside the verdict. Defendant appended his medical records from 1981 to 1982 in support of these motions, along with the psychologist's letter, and CPL article 730 examination reports prepared by two psychiatrists at Bellevue Hospital Center. The court then conducted a retroactive competency hearing, at which defendant was represented by yet another attorney.

At the hearing, defendant's psychologist provided evidence concerning defendant's treatment during the 1980s—which, of course, was the prior decade—as well as defendant's current cognitive limitations. He indicated that he had seen defendant and his mother after 3:30 P.M. on March 1, 1995, that defendant's mother described his day-long agitation, that defendant appeared agitated and depressed, that defendant agreed to go to the hospital even though defendant then failed to follow through, and that defendant had some memory retention difficulties. However, the psychologist had not had contact with defendant during the prior decade. The mother's testimony indicated that defendant had not mentioned his court appearance on that day, that he was depressed and remained in bed, and that she had to persuade him to see the psychologist. The original Trial Justice, although not having an independent memory of the case, testified that her routine practice was to assess a defendant's competency as the defendant speaks to her, that if she has any question regarding competence, she

orders an article 730 examination, and that she had found no basis to do so when issuing the *Parker* instructions to defendant. Original counsel testified that when defendant failed to appear, he contacted defendant's residence, where someone indicated dissatisfaction with the plea offer as well as with counsel's representation. Counsel indicated that defendant had understood the nature of the proceedings until that time and had responded appropriately during plea discussions, that defendant indicated that he was unwilling to accept the plea offer, and that nothing in his contacts with defendant indicated the need for an article 730 examination or that defendant was either incompetent or unable to assist in his own defense.

The court, acknowledging that this motion did not fit the statutory categories set out in CPL 330.30, nevertheless found that, notwithstanding defendant's possible competency on February 28, 1995, defendant had carried his burden, by a preponderance of the evidence, of establishing his lack of competency on March 1, 1995.

The court erred in conducting the hearing as well as by setting aside the verdict on the basis of the evidence adduced at the hearing. Initially, as noted by the motion court, this claim is not within the categories for setting aside the verdict under CPL 330.30. The putative "new evidence" was not new, insomuch as it could have been timely produced at the time of trial and, in any event, would have had no bearing on the verdict within the ordinary meaning of CPL 330.30. In regard to the evidence adduced, the only plausible interpretation of that evidence was that defendant, facing his day of reckoning, became anxious and depressed—not entirely abnormal responses. Even assuming that defendant's psychological makeup contributed to greater emotional difficulties than might afflict another person, a conclusion not necessarily warranted by this record, such consideration is still irrelevant under CPL 330.30, and the court relied on no alternative statutory authority in setting aside the verdict.

In any event, were we to treat defendant's motion as a premature CPL 440.10 (1) (e)* motion, we would find that the evidence upon which the court grounded the reconstruction hearing did not set forth adequate grounds to provide a basis to raise an issue whether defendant was not competent when he absented himself from trial. The test for determining a defendant's competency to stand trial is whether he has sufficient present ability to consult with counsel with a reasonable

---

* Note that had the same motion been made after judgment (i.e., sentencing) it would have been procedurally proper, albeit lacking in merit.

degree of rational understanding, and whether he has a rational and factual understanding of the proceedings against him (*People v Pena*, 251 AD2d 26, *lv denied* 92 NY2d 929), factors affirmatively established in the record. Absent sound evidence of incompetency, then, there was no basis to conclude that defendant's absence from trial was other than knowing and voluntary. Concur—Sullivan, J. P., Rosenberger, Tom and Wallach, JJ.